**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000130
15-JAN-2025
08:08 AM
Dkt. 57 SO**

NO. CAAP-24-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DERICK CAMACHO, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-23-0000659)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Derick Camacho (**Camacho**) appeals from the February 5, 2024 Judgment of Conviction and Sentence (**Judgment**) entered by the Circuit Court of the Third Circuit (**Circuit Court**),[1] convicting him of Robbery in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841(1)(b) (2014), Burglary in the Second Degree in violation of HRS § 708-811(1) (2014), and Unlawful Imprisonment in the First Degree in violation of HRS § 707-721(1) (2014).

Camacho raises a single point of error on appeal, contending that the Circuit Court erred in failing to properly consider and place on record the HRS § 706-606 (2014) factors and

---

[1]    The Honorable Robert D.S. Kim presided.

rationale for the imposition of consecutive terms of imprisonment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Camacho's point of error as follows:

Camacho argues that the general consideration of sentencing factors stated by the Circuit Court in sentencing him to imprisonment is insufficient to support the consecutive sentencing imposed on Counts 1 (Robbery in the Second Degree) and 5 (Unlawful Imprisonment in the First Degree).  This argument has merit.

HRS § 706-668.5(1) (Supp. 2023) provides that if multiple terms of imprisonment are imposed on a defendant, the "multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively." HRS § 706-668.5(2) (Supp. 2023) requires the court to consider the factors set forth in HRS § 706-606 in determining whether terms imposed are to run concurrently or consecutively.

"[C]ircuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." State v. Hussein, 122 Hawaiʻi 495, 510, 229 P.3d 313, 328 (2010). This requirement serves dual purposes of (1) identifying the facts or circumstances within the range of statutory factors that the court considered, and (2) confirming for the defendant, the victim, the public, and the appellate court that the decision was deliberate, rational, and fair.  State v. Kong, 131 Hawaiʻi 94,

102-03, 315 P.3d 720, 728-29 (2013) (citing <u>Hussein</u>, 122 Hawaiʻi at 509-10, 229 P.3d at 327-28); <u>see</u> <u>also</u> <u>State v. Bautista</u>, 153 Hawaiʻi 284, 290-91, 535 P.3d 1029, 1035-36 (2023); <u>State v. Barrios</u>, 139 Hawaiʻi 321, 337, 389 P.3d 916, 932 (2016).

Here, the Circuit Court specifically referenced its consideration of factors under HRS § 706-621 (2014), which are to be considered in determining whether to impose a term of probation. While some of the factors pointed to by the Circuit Court in sentencing Camacho to prison, not probation, are also factors to be considered in determining whether to impose consecutive sentences, the Circuit Court gave no explanation of why it determined a consecutive sentence was appropriate here. Because no explanation was given for imposing a consecutive sentence here, the Circuit Court abused its discretion in imposing the consecutive sentence.

Therefore, we vacate that portion of the Circuit Court's February 5, 2024 Judgment pertaining to sentencing, and remand this case to the Circuit Court for resentencing.

DATED: Honolulu, Hawaiʻi, January 15, 2025.

On the briefs:

Seth Patek,
Deputy Public Defender,
Office of the Pubic Defender,
for Defendant-Appellant.

Charles E. Murray III,
Deputy Prosecuting Attorney,
Office of the Prosecuting
Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge